EMMA E. MOLINEUX *vs.* MRS. C. STANLEY HURLBUT.

Third Judicial District, New Haven, June Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

When certain paragraphs of a defense are demurred to, their sufficiency can only be determined by considering them in connection with the others which are denied.

While averments of legal conclusions from facts already alleged are unnecessary, they may be neither irrelevant nor immaterial under the principles of the Practice Act.

Whether, if a woman has leased rooms in her house for the use of college students who are minors, her notorious use of rooms on the next floor for the commission of adultery with a paramour constitutes a breach of the covenant for quiet enjoyment, and justifies the tenants in quitting their rooms during the term for which they were hired, *quære.*

If such immoral use of certain rooms, and the evil fame of the house resulting therefrom, are relied upon as a justification in a suit for rent which accrued after the tenant had quit, the facts constituting the alleged immorality must be directly alleged; and an answer which sets up merely evidential facts, suspicious in their nature but not necessarily inconsistent with the innocence of the plaintiff, is insufficient.

Argued June 6th—decided July 30th, 1906.

ACTION to recover rent, brought to and tried by the Court of Common Pleas in New Haven County after a demurrer to a part of the third defense of the answer had been sustained (*Bennett, J.*) ; judgment for plaintiff, and appeal by defendant. *No error.*

*A. Heaton Robertson*, for the appellant (defendant).

*J. Birney Tuttle*, for the appellee (plaintiff).

BALDWIN, J.    This suit is brought for two months' rent accrued under a written lease for one year, reserving rent payable monthly by the defendant to the plaintiff, of apartments on the first and second floors of a dwelling-house in New Haven, and on certain other claims incidental to the tenancy.    The lease, which was made part of the complaint, contained a covenant by the lessor that "she will suffer and permit said party of the second part, she keeping all covenants on her part, as hereinafter contained, to occupy, possess, and enjoy said premises during the term aforesaid, without hindrance or molestation from her, or any person claiming by, from, or under her."    The answer was divided into three defenses.    Part of the third was held by the court to be insufficient on demurrer, and this ruling is the sole cause of appeal.

The defense in question alleged that by the lease the defendant was entitled to possess and enjoy the premises during the term without hindrance or molestation from the plaintiff, or any person claiming by, from, or under her; that she entered into possession with her minor son, a

member of the sophomore class of Yale College, the plaintiff occupying apartments on the third floor of the house, and other apartments in it being occupied by other tenants under the plaintiff; that as long as the defendant continued to occupy the premises, " the plaintiff, who is a married women, was in the habit as often as three or four times a week of receiving visits from John Doe, of New Haven, a married man, in her bedroom. During said visits the door of the room was locked and the plaintiff and said John Doe were alone in said room for many hours, which fact was known to the inmates of the house;" that " on one occasion when the said John Doe was in the bedroom of the plaintiff, and had been in said room for more than one hour, the door of the apartment being locked, the· plaintiff stated, in answer to a summons, that she was in bed, and could not be disturbed, and refused to be seen, which fact was known to the inmates of said house;" and that " by reason of the immoral conduct of the plaintiff with said John Doe, and the notorious and immoral character said dwelling-house had acquired and was acquiring by reason of such conduct, the occupation of the premises was made unbearable for the defendant and her son, and she was prevented by said conduct of the plaintiff from the enjoyment of said premises, and said defendant was forced and obliged to quit possession and leave said apartments, which she did on the 13th day of November, 1905," first paying all rent due up to that date.

While the demurrer was confined to certain paragraphs of this defense, their sufficiency can only be determined by considering them in connection with the others which were traversed. All were proper parts of a single plea of justification. *Hill* v. *Fair Haven & W. R. Co.*, 75 Conn. 177, 52 Atl. 725. The claim under the covenant for quiet enjoyment, while setting up a matter of law, and so unnecessary, was, under the principles of the Practice Act, neither irrelevant nor immaterial. *Wiggin* v. *Federal Stock & Grain Co.*, 77 Conn. 507, 513, 59 Atl. 607.

We have no occasion to inquire whether if a woman,

Molineux v. Hurlbut.

after letting rooms in her house for the use of minors, who are college students, notoriously uses rooms on the next floor in company with a paramour for the commission of adultery, she can complain if her tenants quit. The acts of the plaintiff on which this defense is founded may have been innocent, or at most indiscreet. The defendant does not allege that she ever complained of them while in occupation of the premises. John Doe may have been a physician or a priest, who entered the plaintiff's room in discharge of the duties of his profession. For a pleader to call conduct immoral avails him nothing, unless he sets up that which constitutes the immorality. It is not alleged that the house had become one of ill-fame, nor can the averment as to its notorious and immoral character, acquired in consequence of the plaintiff's conduct, be considered the equivalent of this. If her conduct was innocent, she could not lose the benefit of the lease from the ill-opinion which others might by reason of it unjustly entertain of the character of her house. The demurrer does not admit that in consequence of the plaintiff's conduct the defendant was in fact prevented from enjoying the premises, and forced to quit. It admits the facts pleaded from which the defendant asserts that such were the natural consequences, but not the truth of her assertion.

These facts are merely of an evidential nature. The pleading does not charge the ultimate fact to which they might serve to point, and which, if charged, would present the question which the appellant now desires to raise. The demurrer was therefore properly sustained.

There is no error.

In this opinion the other judges concurred.