BENJAMIN W. ALLING, ATTORNEY-GENERAL FOR THE STATE OF CONNECTICUT, vs. ALBERT LEVITT.

First Judicial District, Hartford, January Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 9th—decided January 27th, 1931.

*Ernest L. Averill,* Deputy Attorney-General, and *H. Rogers Jones,* with whom, on the brief, was *Benjamin W. Alling,* Attorney-General, for the appellant (plaintiff).

*Albert Levitt, pro se,* the appellee (defendant).

MALTBIE, C. J.   This proceeding is supplemental to the action of *Levitt* v. *Attorney-General,* which came

before this court by appeal and the opinion in which will be found in our reports, volume 111, page 634, 151 Atl. 171. In that action the present defendant sought a mandamus to compel the Attorney-General to file a complaint for the removal from office of the public utilities commissioners for neglect of duty, under § 3614 of the General Statutes, Rev. 1918, now § 3581 of the General Statutes, Rev. 1930. The present proceeding is entitled a "petition, bill of review and application," by the Attorney-General and seeks as relief the vacating and setting aside of the judgment in the former action, the recalling and revocation of the mandamus issued in it, a new trial with an opportunity to replead, an injunction restraining the present defendant from further proceeding with the mandamus, and such further relief as may be equitable. The petition recites the proceedings in the former action: An application for a writ of mandamus alleging that over one hundred electors of the State had presented to the Attorney-General a petition, the terms of which are recited, requesting that he file a complaint in the Superior Court for the removal of the public utilities commissioners for neglect of duty, under the statute, and that the Attorney-General had declined to act; a return by the Attorney-General admitting the making of the request and his refusal to act; a hearing in the Superior Court and a judgment directing a peremptory writ to issue against him; an appeal by the Attorney-General to this court and a decision that there was no error on the trial. The petition also recites that the Attorney-General in the trial court never intended to admit any of the allegations in the request as true in fact; that the hearing was solely upon an issue of law as to whether or not those allegations required the issuance of a peremptory writ of mandamus; that the decision of the trial court was that he had no discretion

in the premises but must comply with the request; that under the decision of this court the Attorney-General did have the discretion of determining whether the request on its face alleged one of the grounds for removal specified in the law and also facts not manifestly untrue tending to support it; that upon investigation he had found certain of the allegations in the request, which are specified, manifestly untrue; that public policy requires that he should not be called upon to bring a complaint for the removal of the commissioners in which he must allege facts which he knows to be manifestly untrue until he has had an opportunity to attack the allegations of the request upon that ground and that he should now be granted an opportunity to do so; that the pleadings in the first case precluded him from doing this; that the judgment in that action is unjust and inequitable; and that if he had an opportunity to plead to the allegations of the application and request he could show them to be manifestly untrue and could secure the vacation of the judgment and the revocation of the peremptory writ of mandamus. To this petition the defendant filed a motion to dismiss on the ground that the entire controversy is *res adjudicata,* that the writ was issued in the sound discretion of the court, that the Attorney-General was forbidden by the statutes from bringing this proceeding, that the petition failed to set out grounds for the relief sought and that the entire proceeding was vexatious and frivolous. This motion the Attorney-General moved to strike out upon various grounds not necessary to state in detail. The trial court denied the motion to strike out and granted the motion to dismiss.

The form of the petition made it somewhat difficult for the defendant and the trial court to determine its real nature, but the Attorney-General claims that it is

in effect a petition for a new trial under § 5701 of the General Statutes. This statute gives the Superior Court power to grant a new trial of any cause "for mispleading, the discovery of new evidence, or want of actual notice of the suit to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or in part existed, or for other reasonable cause, according to the usual rules in such cases." Reduced to its essence the petition sets up that by reason of the pleadings in the trial of the first action and the scope of the questions presented to the trial court for decision, judgment was entered against the Attorney-General without any adjudication upon one of the vital issues involved in it, that is, that the allegations in the request to him were manifestly untrue, and that if he is permitted to present that issue, he can show this to be so and thus that the judgment has failed to do justice between the parties.

Upon the former trial the present defendant claimed that upon the presentation of the request the Attorney-General had no discretion save to bring a complaint under the statute concerning the removal of public utilities commissioners, while the Attorney-General claimed that he had "a discretion to investigate the claim alleged in the petition and determine whether probable cause for removal exists justifying the filing of a complaint by him" (111 Conn. 644), and that consequently mandamus would not lie. We held that the Attorney-General did have a discretion to determine whether the request set forth a ground for removal within the terms of the statute and did allege facts, not manifestly untrue, tending to support it, but that his discretion went no further. The manifest untruth of the facts stated in the request was not put in issue by the pleadings nor tried in the former proceeding, but under our decision, the question, not before contem-

plated by the parties, of their manifest untruth, became of importance. This is the issue which by his present petition the Attorney-General seeks the opportunity to present to the court.

In an action at common law between individuals, a petition seeking a new trial in a similar situation would clearly present a case for adjudication by the court under the statute concerning the granting of such trials. Of this statute we have said: "Several causes are enumerated, and then follows the general clause, which, according to a familiar rule of construction, was intended to embrace other causes only of the same general character. The causes enumerated result from mistakes or accidents, and show that the party has been deprived of some right or privilege that the law intended he should have. They relate to the merits of the case and indicate a probable failure of justice." *Brown* v. *Congdon,* 50 Conn. 302, 309; *Dudley* v. *Hull,* 105 Conn. 710, 717, 136 Atl. 575. Whether or not under the allegations of this petition a situation justifying the granting of it could be proved should be tested by a demurrer; *Wildman* v. *Wildman,* 72 Conn. 262, 270, 44 Atl. 224; and this issue cannot properly be reached by a motion such as the one before us. Practice Book, p. 287, § 194; *Donovan* v. *Davis,* 85 Conn. 394, 397, 82 Atl. 1025.

Unless the motion to dismiss, then, sets up some further ground sufficient upon the face of the proceedings to prevent any action by the court, it has no proper place in the determination of the case. The principle of *res adjudicata* as such clearly was not involved, for a petition for a new trial under the statute is not an independent proceeding but one ancillary to the original action and "the finality of a judgment does not preclude the court that rendered it from entertaining further proceedings in the same action, when it is made

apparent that injustice has been done." *Gannon* v. *State,* 75 Conn. 576, 577, 54 Atl. 199; *Dudley* v. *Hull, supra,* 714. If by the use of the term in the motion the defendant meant that the proceeding in the first action had determined that no such defense as the Attorney-General now seeks to make is open to him under the statute, even if such a question could be raised by motion, he is mistaken. In our opinion we said (111 Conn. 641): "When the written request of one hundred electors of this State is presented to the Attorney-General and it does specify one of these statutory grounds for the removal of the commissioners and also specifies facts, not manifestly untrue, which tend to support this charge, however inartificially it may be stated, the duty of the Attorney-General is a plain one." And again (111 Conn. 644): "On the contrary, the language is mandatory, but under our construction the Attorney-General has the discretion of determining whether the petition of the one hundred electors upon its face alleges as its ground one of those in § 3614 [now § 3581] and also alleges facts, not manifestly untrue, which tend to support it." By the expression "manifestly untrue" we meant allegations the untruth of which appeared upon the face of the request or was readily apparent from an examination of authoritative sources of information, but not those the truth of which had to be determined by the weighing of evidence or the credibility of witnesses, or the balancing of facts and circumstances or by processes of inference or deduction; and, implied in it, is the further limitation that after the elimination of all matters manifestly untrue, the remaining allegations, in order to justify the Attorney-General in failing to bring a complaint, must clearly fall short of showing the existence of facts tending to support one of the grounds of removal specified in the statute. In the original action

the Attorney-General would have had the right to defend upon the ground that the allegations of the request, or so many of them as to destroy its efficacy, were manifestly untrue, and, having failed to do so, his present petition, in the absence of circumstances making the ordinary rule inapplicable, properly presents for adjudication under the statute the issue whether he ought to be granted a new trial in order to present this defense.

As to the other grounds alleged in the motion to dismiss, we held in our opinion in the original action that the trial court properly issued a peremptory writ of mandamus upon the issues presented to it, but it does not follow that a contrary result might not be reached should a new trial be ordered, and a refusal to issue the writ upon the situation then proved might be a proper exercise of the discretion of the court. There is nothing in the statute which forbids the Attorney-General from instituting the present proceeding. We cannot say upon the face of the pleadings that they are vexatious and frivolous or attribute to the Attorney-General improper motives in instituting a proceeding which the law permits.

The motion to dismiss should have been denied. There was no occasion to file the motion to strike it out, as its sufficiency could be determined in a hearing held upon it, but as the trial court denied the motion to strike out, there is no occasion to consider it further.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.