JOHN DEMICHIEL & BROTHERS *vs.* LEON SEQUIN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 1st—decided April 19th, 1932.

*John J. Casale,* for the appellants (plaintiffs).

*Francis Ray Wadhams,* for the appellee (defendant).

PER CURIAM. This is a petition for a new trial alleging two grounds: One, that the trial judge, after the conclusion of the trial, inspected the premises of his own motion and in the absence of the parties or their counsel; and the other that "there is not a reasonable certainty" that he inspected the premises involved in the action. The statute, General Statutes, § 5701, after stating certain grounds upon which a new trial may be granted, adds "or for other reasonable cause"; and misconduct on the part of a trier may be a sufficient ground. *State* v. *Brockhaus,* 72 Conn. 109, 111, 43 Atl. 650; *Burns* v. *State,* 84 Conn. 518, 80 Atl. 712; and see *Dudley* v. *Hull,* 105 Conn. 710, 136 Atl. 575. The defendant demurred to the complaint upon three grounds and the trial court sustained the demurrer as a whole. Two of the grounds are clearly without merit. A petition for a new trial is really a part of the orig-

inal action and no estoppel arises against it by reason of the judgment in that action. *Gannon* v. *State,* 75 Conn. 576, 54 Atl. 199; *Alling, Attorney-General,* v. *Levitt,* 112 Conn. 586, 591, 153 Atl. 166. The prayer for relief substantially followed the approved form; Practice Book, p. 507, Form 454; and no claim for direct relief against the defendant was necessary.

If we were to consider the other ground of demurrer strictly as a matter of pleading, it might be difficult to sustain the trial court's ruling as regards the first ground of relief alleged in the complaint. But in its memorandum of decision on the demurrer the trial court quoted a portion of the transcript of evidence upon the original trial, from which it appears that the plaintiff not only consented to an inspection of the premises by the trial judge, but did so in such a way as clearly to waive any right to be present at that inspection, and upon the argument before us, it was conceded that the transcript was correctly quoted. Should we remand the case for error in the trial court's ruling sustaining the demurrer as addressed to this ground for relief, the final result would be exactly the same as now reached. This would serve no useful purpose and such an error could not be held to have been harmful. *Artman* v. *Artman,* 111 Conn. 124, 127, 149 Atl. 246. The second ground for relief alleged in the complaint may be disregarded because the allegation is not a proper pleading. Either the trial judge did or he did not inspect the premises involved in the case; the burden would be upon the plaintiff to prove that he did not; and he should have alleged that to be the fact in direct language. *Molineux* v. *Hurlbut,* 79 Conn. 243, 246, 64 Atl. 350.

There is no error.