HENRY A. DITMEYER v. NEW DOM HOTEL CORPORATION

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 83526

Memorandum filed February 15, 1949

*Schatz* and *Weinstein*, of Hartford, for the Plaintiff.

*Day, Berry & Howard,* of Hartford, for the Defendant.

ALCORN, J. In an action to recover damages for personal injuries allegedly due to defective premises in the possession and control of the defendant, the plaintiff alleges in paragraph 1 of the complaint that on the date in question the defendant was the owner and in possession and control of the premises and then concludes with the allegation "and said Defendant had the duty of keeping said premises reasonably safe for persons lawfully using said hotel and in particular that portion of said hotel known as the lobby." The defendant moves to expunge the quoted language because it is a statement of law and therefore irrelevant.

The plaintiff concedes that the language attacked, standing alone, would be open to demurrer but claims that, since it is stated along with facts to support it, it is unobjectionable. *Smith* v. *Furness,* 117 Conn. 97, 99. It is fundamental, as claimed by the defendant, that the complaint should contain simply a statement of material facts upon which the plaintiff relies. General Statutes, Rev. 1949, § 7820; *Morehouse* v. *Throckmorton,* 72 Conn. 449, 452; *Chesebro* v. *Babcock,* 59 Conn. 213, 217. Both parties concede that the language under attack is an allegation of a legal proposition. While it is not necessary to allege matters of law, it is not always improper to do so. *Wiggin* v. *Federal Stock & Grain Co.,* 77 Conn. 507, 513. The motion to expunge or correct the pleading lies for certain definite reasons specified in the statute. Rev. 1949, § 7822. Of those reasons the defendant bases the present motion on the fact that this allegation is irrelevant. While it clearly sets up matter of law, it is not irrelevant. *Molineux* v. *Hurlbut,* 79 Conn. 243, 245.

The motion is therefore denied.