MARION T. PEARSON *v.* BRIDGEPORT HYDRAULIC COMPANY

INGLIS, C. J., O'SULLIVAN, WYNNE and DALY, JS.[1]

Argued October 7—decided November 9, 1954

[1] By agreement of counsel the case was argued before and decided by four judges.

*Marion T. Pearson,* pro se, the appellant (plaintiff).

*Arthur C. Williams,* with whom, on the brief, was *Philo C. Calhoun,* for the appellee (defendant).

INGLIS, C. J.  An outline of the history of the lengthy litigation between the parties to this action is set forth in *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 91 A.2d 778.  In that opinion we sustained a judgment of the Superior Court in Fairfield County enjoining Mrs. Pearson from further prosecuting case No. 75284 and from instituting or prosecuting any further actions or legal proceedings against the Bridgeport Hydraulic Company based upon any claim with respect to the properties taken by it in two condemnation proceedings, docketed as Nos. 55050 and 55266 in the Superior Court in Fairfield County.  In these cases the company had taken by eminent domain a so-called forge property and a so-called schoolhouse property, in each of which Mrs. Pearson had claimed an interest.  The action referred to as No. 75284 was one in which Mrs. Pearson sought to recover damages for the allegedly wrongful removal of her personal possessions from the schoolhouse property.

The present suit is a petition for a new trial of the action in which the injunction was issued on the ground of newly discovered evidence.  The trial court, upon the motion of the defendant, rendered judgment dismissing the petition, and the question on this appeal is whether that action was warranted.

The sole ground stated in the motion to dismiss was:  "This purported action or proceeding and all proceedings had or attempted to be had therein and thereunder are in violation of said injunction

of this Court which is now in full force and effect." The question facing us, therefore, is whether a party enjoined from further litigation is precluded from petitioning for a new trial of the action in which the injunction was issued because that petition for a new trial would be violative of the injunction.

Clearly, the answer must be in the negative. A petition for a new trial, although in form an independent action, is nevertheless incidental to the action of which a new trial is sought. Consequently, the judgment which the petition seeks to set aside is in no sense a bar to the proceedings for a new trial. *Reilly* v. *State,* 119 Conn. 217, 220, 175 A. 582; *DeMichiel & Bros.* v. *Sequin,* 114 Conn. 736, 159 A. 889; *Alling* v. *Levitt,* 112 Conn. 586, 591, 153 A. 166. If the plaintiff has good grounds for vacating the injunction, she may not be prevented from asserting them in a petition for a new trial which may result in a demonstration that the injunction was improperly issued.

In its brief, the defendant seeks to support the judgment dismissing the petition on two grounds. These are, first, that the plaintiff had been adjudged in contempt of the injunction because she had moved in another action relative to one of the properties referred to in the injunction to vacate the judgment, and, second, that the petition for a new trial was frivolous. As regards these two contentions, it is sufficient to point out that neither of them was set up in the motion to dismiss and therefore could not constitute the basis upon which that motion was granted. Moreover, both of them involve issues that can be raised only by demurrer or answer. A motion to dismiss or erase a case from the docket is available only to raise the question whether, on the face of the record, the court lacks jurisdiction. *Ragali*

v. *Holmes,* 111 Conn. 663, 664, 151 A. 190. The dictum in *Exchange Buffet Corporation* v. *Rogers,* 139 Conn. 374, 378, 94 A.2d 22, to the effect that a motion to erase serves the same purposes as a demurrer was intended to mean simply that, like a demurrer, a motion to erase admits for the purpose of ruling thereon all of the well-pleaded allegations of the complaint. See *Reilly* v. *Antonio Pepe Co.,* 108 Conn. 436, 443, 143 A. 568. A motion to dismiss is not the proper method of putting in issue the sufficiency of a complaint or a claim that an affirmative defense exists. *Jakiela* v. *Ellison,* 114 Conn. 731, 732, 159 A. 657.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion to dismiss.

In this opinion the other judges concurred.