WILLIAM C. BAKER ET AL. *v.* FRANK PRITCHARD ET AL.

CIRCUIT COURT

FIRST CIRCUIT

FILE No. CV 1-665-23461

Memorandum filed August 11, 1966

*Winter & Ross,* of Bridgeport, for the plaintiffs.

*Richard Greenwald,* of Norwalk, for the defendants.

WISE, J.  The instant action is a petition for a new trial.  The petition sets forth in detail the allegations on which a new trial is sought.  For the purpose of this memorandum of decision, the merits of the plaintiffs' claim that they are entitled to a new trial are not in issue.  While no evidence was introduced in the argument on the demurrer, the question resolved itself on the judgment upon a default obtained by the defendants against the plaintiffs in an action instituted by the present defendants against the present plaintiffs.  It further appeared in the argument that the present plaintiffs' motion to open and set aside that judgment was denied without a written memorandum by the court hearing the motion.  Counsel could not state with certainty the basis of the denial except to feel that the motion was made too late.

From the court file in the action instituted by the present defendants against the present plaintiffs, it appears that on July 6, 1965, a default was granted against the present plaintiffs and on August 23,

1965, a judgment was entered for the present defendants against the present plaintiffs for money damages. On March 24, 1966, a motion to open the judgment was filed by the present plaintiffs which was denied by the court hearing the motion on April 15, 1966. From that denial the present plaintiffs took no appeal, but they instituted this petition for a new trial.

By special defense, the defendants allege that since the parties to the "motion or petition" to open the judgment are the same parties as in the instant action "and the issues raised in said motion or petition are substantially the same issues raised by the plaintiffs in the within action," and since the court denied the motion to open the judgment, this constitutes res judicata to the within action. Plaintiffs demurred to the special defense for the reason that the determination of said motion is not res judicata.

The motion to open a judgment upon a default must be filed within four months of the date of its rendition, and such a judgment may be set aside in accordance with the provisions of § 52-212 of the General Statutes. A judgment upon default is the final judgment in the case and is entered after the default and after a hearing in damages. Since such a judgment is a final judgment, the denial of the motion to open it is ground for appeal. However, even if the motion to open such a judgment is filed after the expiration of the four months after its rendition, a petition for a new trial may be filed for "mispleading, the discovery of new evidence or want of actual notice of the suit to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or for other reasonable cause, according to the usual rules in such cases." § 52-270. Therefore, if the plaintiffs have been aggrieved by the judgment against them,

the law, even after their default, furnished them a remedy by permitting the filing of a petition for a new trial, aside from that afforded by a motion to open the judgment. *Dante* v. *Dante,* 93 Conn. 160; *Paiwich* v. *Krieswalis,* 97 Conn. 123.

In *Pearson* v. *Bridgeport Hydraulic Co.,* 141 Conn. 646, the court had before it the question whether a party enjoined from further litigation is precluded from petitioning for a new trial of the action in which the injunction was issued because the petition for a new trial would be violative of the injunction. The court held: "Clearly, the answer must be in the negative. A petition for a new trial, although in form an independent action, is nevertheless incidental to the action of which a new trial is sought. Consequently, the judgment which the petition seeks to set aside is in no sense a bar to the proceedings for a new trial. If the plaintiff has good grounds for vacating the injunction, she may not be prevented from asserting them in a petition for a new trial which may result in a demonstration that the injunction was improperly issued." Id., 648; *Reilly* v. *State,* 119 Conn. 217, 220; *DeMichiel & Bros.* v. *Sequin,* 114 Conn. 736; *Alling* v. *Levitt,* 112 Conn. 586; see *Black* v. *Universal C. I. T. Credit Corporation,* 150 Conn. 188.

In *Alling* v. *Levitt,* supra, a petition claiming that a peremptory writ of mandamus be vacated was filed. To this petition the defendant filed a motion to dismiss on the ground that the entire controversy was res judicata. The court held, in reversing the action of the trial court in granting the motion to dismiss, that whether under the allegations of the petition a situation justifying the granting of it could be proved should be tested by a demurrer and that "this issue cannot properly be reached by a motion such as the one before us." Id., 591. The

court stated: "Unless the motion to dismiss, then, sets up some further ground sufficient upon the face of the proceedings to prevent any action by the court, it has no proper place in the determination of the case. The principle of *res adjudicata* as such clearly was not involved, for a petition for a new trial under the statute is not an independent proceeding but one ancillary to the original action and 'the finality of a judgment does not preclude the court that rendered it from entertaining further proceedings in the same action, when it is made apparent that injustice has been done.' " Ibid.; *Gannon* v. *State,* 75 Conn. 576, 577; *Dudley* v. *Hull,* 105 Conn. 710, 714.

The plaintiffs are not precluded from instituting the instant petition for a new trial. The principle of res judicata is not involved and is not a bar or a defense to the instant petition for a new trial. There is no conflict or incompatibility between the provisions of § 52-212 for opening defaults and the provisions of § 52-270 for granting new trials.

The plaintiffs' demurrer to the defendants' special defense is sustained.