[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS AND TO STRIKE
The plaintiff brings this petition entitled "Petition for a CT Page 3184 New Trial" pursuant to Practice Book Section 904 and General Statutes Section 52-270 with a single prayer for relief of a new trial. The preamble to the complaint states that the petitioner was convicted of certain crimes by a jury where the final judgment was entered on November 16, 1989 in Criminal Docket number 55737. The complaint is in two counts, alleging that the defendant was prevented from establishing a meritorious defense because the State failed to disclose that certain evidence produced was untrue and failed to grant access to certain witnesses to properly prepare a defense. Both the State and the Senior Assistant State's Attorney who prosecuted the case were served with process.
The individual defendant moves to dismiss and/or to strike said complaint as to her.
A petition for a new trial under the statute is not an independent proceeding but one ancillary to the original action and the finality of a judgment does not preclude the court that rendered it from entertaining further proceedings in the same action when it is made apparent that injustice has been done. Alling, Attorney-General v. Levitt, 112 Conn. 586, 591-2. For the purpose of the petition, process is issued citing the opposite party to appear and be heard. Gannon v. State,75 Conn. 576, 577. Since the individual defendant was not a party to the original action, she is improperly joined here. The exclusive motion for misjoinder is the motion to strike. P.B. 198.
For the above reasons the court denies the motion to dismiss and grants the motion to strike.
CORRIGAN, JUDGE.