[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A jury convicted the petitioner of one count of Risk of Injury to a Minor, in violation of General Statutes § 53-21, and Coercion — Lesser Degree, in violation of General Statutes § 53-192. On September 3, 1993, the petitioner was sentenced to a term of eight years for the first conviction and to a concurrent term of one year for the second conviction. Judgment was entered and the petitioner was remanded to the custody of the Commissioner of Corrections.
On July 5, 1993, the petitioner filed a petition for a new trial pursuant to the provisions of General Statutes § 52-270 and § 904 of the Practice Book, alleging newly discovered evidence. The allegations of the complaint which accompanies the petition that the petitioner has discovered that the New Haven Police Department withheld exculpatory evidence at trial. More specifically, it is alleged that the State of Connecticut (State) withheld information concerning the existence of a witness, Lamar Stevenson, whose testimony "was crucial to petitioner's innocence and petitioner would not have been convicted had said jury heard testimony from said witness at trial."
On July 22, 1994, the State moved to strike the petition for a new trial on the ground that the allegations of the complaint are legally insufficient to state a claim of newly discovered evidence upon which relief can be granted.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of the complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport HousingAuthority, 308 Conn. 161, 170 (1988). In ruling on a motion to strike, the court must construe all well pleaded facts in the manner most favorable to the plaintiff. Id. A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action. D'Ulisse-Cupo v. Board of DirectorsCT Page 3074of Notre Dame High School, 202 Conn. 206, 216-19 (1987).
A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently state a cognizable cause of action as a matter of law." Mora v. Aetna Life Casualty Ins.Co., 13 Conn. App. 208, 211 (1988). The motion to strike is the proper motion to test "[w]hether or not under the allegations of [the] petition [for a new trial] a situation justifying the granting of it could be proved. . . ." Alling, Attorney-General v.Levitt, 112 Conn. 586, 591 (1931).
Our "rules for granting a new trial on the basis of newly discovered evidence are well established." Reilly v. State,32 Conn. Sup. 349, 354 (Super.Ct. 1976). The petitioner has the burden of proving: (1) that the evidence is in fact newly discovered; (2) that it is probable that on a new trial a different result would be reached; (3) that the new evidence was not discoverable and producible at the original trial by the exercise of due diligence; and (4) that the evidence is not cumulative.Summerville v. Warden, 229 Conn. 397, 426 (1994). "The petitioner has the burden of alleging and proving facts which would, in conformity with [the court's] settled equitable construction of [General Statutes § 52-270], entitle him to a new trial on the grounds claimed." State v. Grimes, 154 Conn. 314, 325 (1966).
The State claims that the petitioner has failed to make the four factual allegations stated in Summerville v. Warden, supra. While technically correct in its position, the court must view the complaint in the manner most favorable to the petitioner in order to determine whether the petition can survive the motion to strike. The petition alleges that Stevenson's existence as a witness was withheld; that his testimony would prove the petitioner's innocence; that since the petitioner discovered Stevenson's ability to exculpate him after the trial, that is newly discovered evidence. Finally, it is alleged that there would not have been a conviction had the jury heard Stevenson's testimony, which is not evidence similar to what was presented to the jury, i.e., not cumulative evidence. The petitioner therefore concludes that at a new trial, a different result would be reached.
What the complaint fails to allege, however, is that the new evidence could not have been discovered and produced at the trial by petitioner's exercise of due diligence. "The due diligence requirement has been interpreted to mean that a new trial will not be granted if the evidence relied upon could have been known with CT Page 3075 reasonable diligence. Nevertheless, [t]he question of due diligence is in all cases to be determined upon consideration of all the circumstances of the case." (Citations omitted; internal quotation marks omitted.) Reilly v. State, supra, at 355. The petitioner here has failed to allege any facts to show that petitioner exercised reasonable diligence in attempting to discover and produce the testimony of Stevenson as a witness. This failure is fatal to the complaint and petition for a new trial under the statute.
The motion to strike is granted.
BY THE COURT
LEANDER C. GRAY, JUDGE