[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Ronald Scalzo, d/b/a A-1 Remodeling, brings this action in four counts against the defendant, Sandvick Associates, Inc.
He claims that moneys are due him under two contracts, and that the defendant corporation has been unjustly enriched.
The defendant moves to dismiss this action, or, in the alternative, asks the court to stay the action, pending arbitration proceedings under the contract.
The defendant asserts that arbitration is a condition precedent to the institution of this action under identical clauses found in both of the contracts.
The contract documents, dated August 15, 1995 and April 2, 1996, provide as follows:
 7.5 Arbitration: Subsequent to the execution of this Agreement all claims, disputes, differences controversies and questions which may arise concerning the matters and obligations set forth in this Agreement, or for the construction or application of this Agreement, or concerning any liabilities created hereunder, or any act or omission of any part hereto, shall be subject to arbitration in accordance with the rules and regulations then in force of the American Arbitration Association. The prevailing party shall be entitled to their costs including reasonable attorney's fees, provided, however, this cause [sic] shall not limit the right of either party to seek temporary injunctive relief where an unacceptable interim period may exist between the time the decision to arbitrate is made and the earliest time at which arbitration can be commenced.
The defendant declares in its motion to dismiss or stay pending arbitration, dated February 17, 1998, that it is ready and willing to proceed with the arbitration of the disputes CT Page 4537 between the parties.
Dismissal of the action is requested, based upon the defendant's contention that arbitration is a condition precedent to the initiation of legal action.
If, however, the court determines that the contract language does not mandate resort to arbitration prior to beginning legal action, the defendant asks that a stay of this action be ordered, in accordance with the provisions of § 52-409 of the Connecticut General Statutes.
That section reads as follows:
 If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that an issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration.
The plaintiff maintains that arbitration IS not a condition precedent for maintaining this action, under the terms of the contracts in question.
The plaintiff further maintains that the defendant must do more than allege that it is ready and willing to proceed with the arbitration, as it has done in its motion. He argues that the defendant must actually have commenced arbitration by affirmative act such as filing a claim for arbitration, or paying a fee, in order to obtain a stay of proceedings under § 52-409.
A motion to dismiss properly attacks the jurisdiction of the court by asserting that the plaintiff cannot, as a matter of law and fact, state a cause of action that can be heard by the court.Baskin's Appeal from Probate, 194 Conn. 635, 640 (1984);Gurliacci v. Mayer, 218 Conn. 531, 534 (1991). The motion tests whether, on the face of the record, the court lacks jurisdiction.Pearson v. Bridgeport Hydraulic Co., 141 Conn. 646, 648 (1954);Upson v. State, 190 Conn. 622, 624 (1983). CT Page 4538
Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceeding in question belong. Shea v. First Federal Savings Loan Assn. ofNew Haven, 184 Conn. 285, 288 (1981); Lauer v. Zoning Commission,220 Conn. 455, 460 (1991).
The initial question presented is whether arbitration is a condition precedent to the instituting of this action.
Although, ordinarily, the question of contract interpretation involving a question of the parties' intent is one of fact,Finley v. Aetna Life Casualty Co., 202 Conn. 190, 199 (1987), where there is a definitive contract language, the determination of what the parties intended by their contractual commitments is a question law. Levine v. Massey, 232 Conn. 272, 278 (1995);Mulligan v. Rioux, 229 Conn. 716, 740 (1994). This case involves such definitive contract language.
Whether an agreement makes arbitration a condition precedent to an action, depends upon the language of the arbitration clause. Multi-Service Contractors, Inc. v. Vernon, 181 Conn. 445,447 (1980).
However, the mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court. Multi-ServiceContractors, Inc., supra, 448.
In the absence of an express stipulation, making arbitration a condition precedent to instituting suit, a provision for arbitration may be construed to be a condition precedent by implication. However, the implication must be so plain that a contrary intention cannot be supposed, not any other inference made. Kantrowitz v. Perlman, 156 Conn. 224, 227 (1968).
Here, as the defendant admits in its memorandum in support of the motion to dismiss, or for stay pending arbitration, the contracts do not expressly state that arbitration is a condition precedent to the filing of a lawsuit.
Use of the phrase "subject to arbitration" seems to indicate that arbitration is not the sole option available to the parties to enforce rights under the contract, merely one available option. CT Page 4539
Because the language does not mandate arbitration before a lawsuit is begun, the portion of the defendant's motion which asks for a dismissal of the action is denied.
The defendant has also asked the court to stay judicial proceedings, pending arbitration.
Courts have endorsed the arbitration procedure as an effective alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation associated with ordinary litigation. Spicerv. Spicer, 33 Conn. App. 152, 159 (1993); O G/O'Connell JointVenture v. Chase Family Limited Partnership No. 3, 203 Conn. 133,145 (1987).
General Statutes § 52-409 provides that where an action is brought by any party to a written contract, provided that the issue involved is referable to arbitration and the person seeking the stay is ready and willing to proceed with arbitration, the court shall stay an action until arbitration has been had in compliance with the written agreement. Even when an arbitration clause is determined not to be a condition precedent to litigation, a party being sued may avail itself of § 52-409.KND Corporation v. Hartcom, Inc., 5 Conn. App. 333, 336 (1985).
Although the plaintiff questions defendant's sincerity in pursuing arbitration, the defendant has stated that it is ready and willing to proceed to arbitration, and therefore has complied with the requirements of § 52-409.
The issue is one clearly referable to arbitration.
The portion of the defendant's motion seeking a stay pending arbitration is therefore granted.
In granting the stay, the court recognizes that an order staying proceedings may be modified or vacated by the court, whenever, in the exercise of sound discretion, it is considered necessary and proper to do so. Gores v. Rosenthal, 148 Conn. 218,221 (1961); KND Corporation, supra, 337.
The contract provision in question also permits a court to order injunctive relief, if an unacceptable period of delay occurs between the time the decision to arbitrate is made, and the time it is commenced.
The parties are therefore urged to proceed to arbitration CT Page 4540 under the contract in a prompt and expeditious manner.
The defendant's motion to dismiss is denied.
The motion to stay pending arbitration is granted.
RADCLIFFE, J.