[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, RJM Group, Inc., a Connecticut corporation with its principal place of business in Danbury, brings this action in three counts against Laser Master Corp., a Minnesota corporation.
In August of 1997, RJM Group, Inc. leased from the defendant a "PressMate System," pursuant to a written agreement.
The agreement dated August 29, 1997 (Lease Purchase Order 621726) contains a boilerplate clause (Clause 11) which states:
 This sale is governed by the laws of the State of Minnesota and the parties agree to the personal and subject matter jurisdiction of courts sitting in that state for the purpose of resolving any dispute.
The plaintiff took delivery of the machinery at its Connecticut facility, on October 3, 1997.
After the plaintiff began using the equipment, it claims to have discovered that the "PressMate System" was not suited for its intended use.
The plaintiff further alleges that representations made by and on behalf of the defendant were false.
The complaint alleges fraud in the inducement to enter into a contract, breach of warranty, and a final count asserting a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
The defendant, Laser Master Corp., has moved to dismiss the complaint, arguing that the forum selection clause (Clause 11) mandates both that Minnesota law apply to this case, and that the courts of that state must be utilized to adjudicate any dispute arising out of the August 29, 1997 agreement.
 STANDARD OF REVIEW
A motion to dismiss properly attacks the jurisdiction of the CT Page 3472 court, by asserting that the plaintiff is unable, as a matter of law and fact, to state a cause of action that can be heard in the particular forum. Baskin's Appeal from Probate, 194 Conn. 635,640 (1984); Gurliacci v. Mayer, 218 Conn. 531, 544 (1991).
The purpose of the motion is to test whether, on the face of the record, the court lacks either personal or subject matter jurisdiction. Pearson v. Bridgeport Hydraulic Co., 141 Conn. 646,648 (1954); Upson v. State, 190 Conn. 622, 624 (1983).
A motion to dismiss is the proper vehicle, pursuant to Practice Book § 10-31(a)(1), to raise a claim that the court lacks subject matter jurisdiction. Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Lauer v.Zoning Commission, 220 Conn. 455, 460 (1991).
 RJM GROUP, INC. MAY MAINTAIN THIS ACTION IN CONNECTICUT
Before discussing the enforceability of forum selection clauses, the initial inquiry must center upon the actual language employed by the parties to the particular agreement.
The clause in this agreement (Clause 11) is part of a pre-printed portion of the agreement commonly referred to as "boilerplate" language fashioned by the product seller, Laser Master Corp.
The language of a contract is typically construed most strongly against the party whose language it is and for whose benefit it was inserted. Sturman v. Socha, 191 Conn. 1, 9 (1983);Collins v. Sears Roebuck Co., 164 Conn. 369, 376 (1973). The party who actually does the writing of an instrument will presumably be guided by his own interests and goals in the transaction. He may choose shadings of expression, words more specific or more imprecise, according to the dictates of these interests. Griswold v. Union Labor Life Ins. Co., 186 Conn. 507,513 (1982); Ravitch v. Stollman Poultry Farms, Inc.,165 Conn. 135, 146 n. 8 (1973). One who speaks or writes can most easily prevent mistakes in meaning. Griswold v. Union Labor Life Ins.Co., supra, 513.
The language employed by the defendant, Laser Master Corp., in Clause 11 is much less definite and precise than forum selection clauses considered in two Connecticut Appellate Court CT Page 3473 cases involving attempted enforcement of foreign judgments under the Full Faith and Credit Clause of the United States Constitution.[1]
 Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496 (1985) involved a New York judgment obtained pursuant to a written lease which required that all actions arising out of the written agreement be litigated only in New York courts.
Phoenix Leasing. Inc. v. Kosinski, 47 Conn. App. 650, 651
(1998) concerned a California judgment involving a written agreement with a forum selection clause providing for "exclusive jurisdiction and venue for any legal action between the parties arising out of this Guaranty shall be in the Superior Court for Marin County, California."
Both cases required the application of the full faith and credit clause, and the principle that the courts of one state will accord to the judgment of another state the same credit, validity, and effect as the state which rendered the judgment would give it. Packer Plastics, Inc. v. Laundon, 214 Conn. 52, 56
(1990). A presumption of validity attaches to a judgment rendered in another state, and the burden of proving lack of jurisdiction rests with the party attacking the judgment. Williams v. NorthCarolina, 325 U.S. 226, 233-34 (1945).
This case does not require a determination of the bona fides
of Minnesota court judgment.
There is no indication in the pleadings that any action between the parties is pending in any court of that state.
The question here is restricted to determining whether Clause 11 prevents a Connecticut court from exercising jurisdiction over the defendant Laser Master Corp.
Because Clause 11 does not contain words of exclusion or preclusion this court does have jurisdiction to hear this dispute involving RJM Group, Inc. and Laser Master Corp.
By its terms, Clause 11 does establish jurisdiction in the courts of Minnesota and establishes that the parties have consented to that jurisdiction. CT Page 3474
However, unlike the clauses considered in Phoenix Leasing andFairfield Lease Corp. , it does not confer exclusive jurisdiction upon Minnesota courts and does not prohibit a party to the agreement from seeking redress in the courts of a sister state, assuming jurisdiction and venue can be established.
While Connecticut courts are not inhospitable to forum selection clauses, and will enforce such clauses absent fraud or overreaching; United States Trust Co. v. Bohart, 197 Conn. 34, 42
(1985); Restatement, Conflict of Laws § 80; a case by case analysis is mandated to determine whether one party would be unfairly disadvantaged if the court declined to exercise jurisdiction in a dispute. United States Trust Co. v. Bohart, supra, 42.
Although the plaintiff asks this court to acknowledge jurisdiction based upon a claim that there was fraud in the inducement to enter into the contract in August of 1997, that argument is not persuasive.
There has been nothing presented by way of evidence or affidavit to indicate that the forum selection clause was the product of fraud or deception.
Any fraud with respect to the inclusion of a forum selection clause in a contract must be with respect to the inclusion of the clause itself, not fraud with respect to the transaction as a whole. Fidelity Deposit Company v. Czuchra, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 524337 (July 6, 1995, Aurigemma, J).
Because this clause does not prevent the exercise of jurisdiction by a Connecticut court, the final issue involves whether personal jurisdiction over the defendant, Laser Master Corp., has been obtained.
Section 33-929 (e) of the Connecticut General Statutes permits the exercise of jurisdiction over a foreign corporation:
[B]y a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate of foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this CT Page 3475 state or to be performed in this state. . . (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers. . . .
A state court may, consistent with federal due process requirements, exercise in personam jurisdiction over a nonresident corporate defendant having certain minimum contacts with the forum, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.Thomason v. Chemical Bank, 234 Conn. 281, 287 (1995).
The facts alleged in the complaint concern machinery being shipped to Connecticut, to a corporation having its principal place of business in Connecticut.
The machinery was designed for use in the State of Connecticut and was specially ordered.
The plaintiff has easily satisfied any threshold for minimum contacts concerning the defendant, Laser Master Corp.
The defendant's motion to dismiss is denied.
Radcliffe, J.