[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PETITION FOR A NEW TRIAL
The Petitioner, Barbara A. Whiting, petitions the Court pursuant to Section 52-270 of the Connecticut General Statutes to order a new trial in the matter of Dime Savings Bank of New York,et al, v. Barbara A. Whiting (CV 91-0306153-S), which matter initially proceeded to a judgment of foreclosure by sale on October 3, 1996.
In support of her petition, the Petitioner has submitted a number of documents to the Court including her own Affidavit CT Page 14501 setting forth certain claims as to why the Court should grant the petition for a new trial; copies of Statements from the lender, Dime Savings Bank of New York; copies of certain correspondence from the Petitioner to the said lender and copies of responses to said correspondence from the said lender; copies of purported Payoff Statements from the said lender; copies of canceled checks setting forth certain payments made to the lender; a purported "Affidavit" (this statement has not been subscribed to under oath) of Marie McDonnell, a mortgage finance analyst who has analyzed all of the pertinent loan documents and has offered an opinion in support of the Petitioner's claim for a new trial; copy of the Adjustable Rate Negative Amortization Note and other documents that were the subject of the underlying foreclosure action; Affidavits from the Tax Assessor and Tax Collector of the Town of Redding; and various other documentation that the Petitioner asserts supports her claim for a new trial.
The Petitioner asserts that the judgment in the underlying foreclosure matter was ". . . obtained against equity and good conscience." The Petitioner further asserts that she has ". . . new evidence to present to the Court in addition to the evidence she was denied presenting to the Court at the previous hearing."
The Defendant, EMC Mortgage Corporation, the successor to the Dime Savings Bank of New York in the subject loan transaction, opposes the Petition for a New Trial by asserting that the Petitioner, Ms. Whiting, filed a timely appeal to the foreclosure judgment entered by the Court (Mihalakos, J.) on October 3, 1996, and by noting further that the Connecticut Appellate Court, after receiving briefs and after hearing oral argument, affirmed the trial court's foreclosure judgment. (See Dime Savings Bank of NewYork, FSB v. Barbara A. Whiting 47 Conn. App. 910 (1997); petition cert. denied Dime Savings Bank of New York, FSB v.Barbara A. Whiting 243 Conn. 962 (1998).)
Section 52-270(a) of the Connecticut General Statutes, which is the statute upon which this petition is brought, provides as follows:
 The Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a CT Page 14502 nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. The judges of the Superior Court may in addition provide by rule for the granting of new trials upon prompt request in cases where the parties or their counsel have not adequately protected their rights during the original trial of an action.
In the matter of Black v. Universal C.I.T. Credit Corp. ,150 Conn. 188, 192-194, 187 A.2d 243 (1962), the Connecticut Supreme Court stated:
 A petition for a new trial under 52-270 is a proceeding essentially equitable in nature. Gonzrenki v. American Steel Wire Co., 106 Conn. 1, 5, 137 A. 26; Palverari v. Finta, 129 Conn. 38, 43, 26 A.2d 229. It is authorized, and its scope is limited, by the terms of the statute.[2] Milestan v. Tisi, 140 Conn. 464, 469, 101 A.2d 504. A plaintiff has the burden of alleging and proving facts which would, in conformity with our settled equitable construction of the statute, entitle him to a new trial on the grounds claimed. Lancaster v. Bank of New York, 147 Conn. 566, 579, 164 A.2d 392; DeMichiel Bros. v. Sequin, 114 Conn. 736, 737, 159 A. 889. Such a petition for a new trial is addressed to the legal discretion of the trial court and will never be granted except on substantial grounds. E.M. Loew's Enterprises, Inc. v. Surabian, 146 Conn. 608, 610, 153 A.2d 463. The statute does not furnish a substitute for, nor an alternative to, an ordinary appeal,[3] but applies only "when no other remedy is adequate" and when in equity and good conscience relief against a judgment should be granted. Carrington v. Holabird, 17 Conn. 530, 537; s.c., 19 Conn. 84, 88; Wooster v. Glover, 37 Conn. 315, 316; Andersen v. State, 43 Conn. 514, 516; Krooner v. State, 137 Conn. 58, 60, 75 A.2d 51; Wojculewicz v. State, 142 Conn. 676, 678, 117 A.2d 439; see Restatement, Judgments 128.
A timely appeal of the judgment of the trial court was taken by the Petitioner here. A review of the Petitioner's Appellate Court Brief discloses that the arguments being made to this Court in the instant Petition for a New Trial are virtually the same arguments that were made to and rejected by the Appellate Court and the Supreme Court in the petitioner's earlier appeal. What the Petitioner seeks in the instant matter is to have this Court CT Page 14503 act as a "super-appellate court" and essentially overturn actions already taken by the Appellate Court and the Supreme Court affirming the trial court's judgment. There is no basis either in the statutes or the case law that would allow this Court to do so.
Accordingly, the Petition for a New Trial is denied.
BY THE COURT
CARROLL, J.