# ROBERT C. FLANAGAN *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL.
## (AC 17127)

Landau, Spear and Hennessy, Js.

Argued January 26—officially released June 29, 1999

*Roger J. Frechette,* with whom, on the brief, were *Matthew E. Frechette* and *Franz P. Frechette,* for the appellant (plaintiff).

*Charles Krich*, commission counsel, for the appellee (named defendant).

*Eliot D. Prescott*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Carolyn K. Querijero* and *Susan Quinn Cobb*, assistant attorneys general, for the appellee (defendant Moira Butler).

*Barbara G. Lifton*, pro se, the appellee (defendant).

*Penny Tackach*, pro se, the appellee (defendant Penny P. Ross).

*Opinion*

SPEAR, J. The plaintiff, Robert C. Flanagan, appeals from the judgment of the trial court that dismissed his complaint for injunctive relief and money damages. We affirm the judgment of the trial court.

The plaintiff filed this action against (1) the state commission on human rights and opportunities (CHRO), (2) Attorney Mercedes Alonzo, assistant corporation counsel for the CHRO, (3) Moira Butler, affirmative action program coordinator for the Connecticut judicial branch, (4) Penny P. Ross and (5) Attorney Barbara G. Lifton, a hearing officer for the CHRO who also represents Ross. The plaintiff seeks to enjoin proceedings on a complaint that Ross filed against him with the CHRO. Ross' complaint alleged illegal sexual discrimination on the part of the plaintiff.

In his complaint, the plaintiff alleges that (1) the actions of the defendants deprived him of certain civil rights in violation of 42 U.S.C. §§ 1983 and 1985 and General Statutes § 46a-58, (2) the CHRO complaint should be dismissed because the actions of the defendants constituted a multiplicity of lawsuits in violation of the public policy of the state of Connecticut, (3) the doctrines of collateral estoppel and res judicata apply

to bar further litigation before the CHRO,[1] (4) the actions of the defendants denied him due process and the equal protection of the law and (5) it would be an act of futility to proceed before the CHRO. The trial court granted the defendants' motions to dismiss the complaint and this appeal followed.

"The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." *Pamela B.* v. *Ment*, 244 Conn. 296, 308, 709 A.2d 1089 (1998).

"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. *Pearson* v. *Bridgeport Hydraulic Co.*, 141 Conn. 646, 648, 109 A.2d 260 (1954). *Upson* v. *State*, 190 Conn. 622, 624, 461 A.2d 991 (1983). Because the exhaustion [of administrative remedies] doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the [plaintiff's] claim." (Internal quotation marks omitted.) *Johnson* v. *Dept. of Public Health*, 48 Conn. App. 102, 107–108, 710 A.2d 176 (1998). "We first note that, because '[a] determination regarding a trial court's subject matter jurisdiction is a question of law,' our review is plenary. *Doe* v. *Roe*, 246 Conn. 652, 660, 717 A.2d 706 (1998)." *Lawrence Brunoli, Inc.* v. *Branford*, 247 Conn. 407, 410, 722 A.2d 271 (1999).

The Superior Court has no jurisdiction to act where there is an adequate administrative remedy that has not

---

[1] The plaintiff's claims are based on the fact that the Judicial Review Council heard and disposed of a complaint against him and the state's attorney did not prosecute him for sexual assault. He views these events as precluding any action by CHRO, but offers no persuasive analysis as to why they have any bearing on the issues before the CHRO.

been exhausted. *Raymond* v. *Rock Acquisition Ltd. Partnership*, 50 Conn. App. 411, 415, 717 A.2d 824 (1998). "There are some exceptions to the exhaustion doctrine, although we have recognized such exceptions only infrequently and only for narrowly defined purposes. . . . We have recognized that a party aggrieved by a decision of an administrative agency may be excused from exhaustion of administrative remedies if: recourse to the administrative remedy would be futile or inadequate . . . the procedures followed by the administrative agency are constitutionally infirm . . . or injunctive relief from an agency decision is necessary to prevent immediate and irreparable harm." (Citations omitted; internal quotation marks omitted.) *Polymer Resources, Ltd.* v. *Keeney*, 227 Conn. 545, 561, 630 A.2d 1304 (1993). Our Supreme Court has continued "to limit any judicial bypass of even colorable constitutional claims to instances of demonstrable futility in pursuing an available administrative remedy." *Pet* v. *Dept. of Health Services*, 207 Conn. 346, 356, 542 A.2d 672 (1988).

With the exception of the claims under 42 U.S.C. §§ 1983 and 1985, the plaintiff's claims should properly be brought in the administrative proceedings before CHRO. It is clear that the plaintiff has failed to exhaust his administrative remedies. Our inquiry, however, does not end there. We must next determine if the plaintiff satisfies any of the limited exceptions to the exhaustion doctrine. Proceedings before the CHRO would not be futile because the plaintiff's claims can be addressed by way of defenses to Ross' complaint.[2] The plaintiff can also petition for declaratory rulings pursuant to § 46a-54-122 of the Regulations of Connecticut State

---

[2] Section 46a-54-94 of the Regulations of Connecticut State Agencies provides in relevant part: "(b) The answer shall admit or deny each and every allegation of the complaint or amended complaint. . . . Affirmative defenses, such as res judicata, release, statute of limitations or otherwise, must be specially plead. . . ."

Agencies.[3] We also note that it is particularly appropriate for the CHRO to determine whether the defendants have deprived the plaintiff of any rights pursuant to General Statutes § 46a-58.[4] This statute is part of chapter 814c, which governs the CHRO.

After reviewing the record, we conclude that the plaintiff has failed to demonstrate that the administrative remedy is futile or inadequate, that the procedures followed by the administrative agency are constitutionally infirm or that injunctive relief from an agency decision is necessary to prevent immediate and irreparable harm. Therefore, the trial court was without subject matter jurisdiction to hear the plaintiff's claims and properly dismissed those counts of the complaint.

We next turn to the portion of the plaintiff's complaint alleging a violation of 42 U.S.C. §§ 1983 and 1985.

The defendants filed several motions to dismiss the plaintiff's complaint, relying in part on the plaintiff's failure to state a claim and federal case law in support of their arguments. In his opposition to the motions to dismiss, the plaintiff claimed that the defendants' arguments were procedurally improper and should have been presented in a motion to strike. Alternatively, the plaintiff argued that he had alleged sufficient facts on which claims under §§ 1983 and 1985 could have been

[3] Section 46a-54-122 of the Regulations of Connecticut State Agencies provides in relevant part: "(a) The Commission or any person may petition for a declaratory ruling as to: (1) the validity of any Commission regulation; or (2) the applicability to specified factual circumstances of any provision of the Connecticut General Statutes enforced by the Commission, any regulation promulgated by the Commission or a final decision on any matter within the Commission's jurisdiction. . . ."

[4] General Statutes § 46a-58 (a) provides: "It shall be a discriminatory practice in violation of this section for any person to subject, or cause to be subjected, any other person to the deprivation of any rights, privileges or immunities, secured or protected by the constitution or laws of this state or of the United States, on account of religion, national origin, alienage, color, race, sex, blindness or physical disability."

made. The trial court agreed with the defendants and dismissed the counts alleging violations of §§ 1983 and 1985 for failure to state a claim.[5] On appeal, the plaintiff failed to raise the issue of the defendants' alleged procedural fault. In addition, the plaintiff and the defendants briefed only whether the complaint alleged sufficient facts to state a claim under §§ 1983 and 1985. Furthermore, the plaintiff has raised this issue only in the context of injunctive relief and failed to address the dismissal of his claim for monetary damages.[6] We will, therefore, address this claim only in the context of the plaintiff's request for injunctive relief.

"Exhaustion of administrative remedies . . . is not required before bringing a claim pursuant to 42 U.S.C. § 1983. *Patsy* v. *Board of Regents of the State of Florida,*

---

[5] The defendants' reliance on federal case law is misplaced. The case law cited supports the proposition that failure to allege certain facts warrants dismissal of the counts under §§ 1983 and 1985. Under rule 12 (b) (6) of the Federal Rules of Civil Procedure, failure to state a claim is a valid ground for dismissal. Under Connecticut practice, however, it is not. "A motion to dismiss . . . is available only to raise the question whether, on the face of the record, the court lacks jurisdiction." *Pearson* v. *Bridgeport Hydraulic Co.*, 141 Conn. 646, 648, 109 A.2d 260 (1954). A motion to strike is the proper procedural vehicle to test the legal sufficiency of the complaint. Practice Book § 10-39. The trial court's dismissal of these counts for failure to state a claim would be procedurally improper. In its memorandum of decision, however, the trial court treated the issue as a motion to strike. On appeal, the parties have done the same. We have decided, without in any way condoning or approving the procedural irregularity, to consider the issue as treated by the parties and the trial court. See *McCahill* v. *Town & Country Associates, Ltd.*, 185 Conn. 37, 40, 440 A.2d 801 (1981); *Mitchell* v. *King*, 169 Conn. 140, 145, 363 A.2d 68 (1975); *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* 152 Conn. 262, 271, 205 A.2d 774 (1964); *Anselmo* v. *Cox*, 135 Conn. 78, 79, 60 A.2d 767, cert. denied, 335 U.S. 859, 69 S. Ct. 132, 93 L. Ed. 2d 405 (1948).

[6] Any assignment of error as to the dismissal of his claims for monetary damages under § § 1983 and 1985 are waived because they have not been raised in the plaintiff's appeal to this court. See *Stroiney* v. *Crescent Lake Tax District*, 205 Conn. 290, 292 n.2, 533 A.2d 208 (1987); *Furtney* v. *Zoning Commission,* 159 Conn. 585, 589, 271 A.2d 319 (1970); *Nazarko* v. *Conservation Commission,* 50 Conn. App. 548, 550 n.2, 717 A.2d 850, cert. denied, 247 Conn. 940, 723 A.2d 318 (1998).

457 U.S. 496, 516, 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1982); *Fetterman* v. *University of Connecticut*, 192 Conn. 539, 549, 473 A.2d 1176 (1984). Thus, a failure by the plaintiff to exhaust his administrative remedies would not dispose of an otherwise valid § 1983 claim." *Paul* v. *New Haven*, 48 Conn. App. 385, 389–90, 710 A.2d 798 (1998). When the claim is for injunctive relief, however, our Supreme Court has noted, "[I]n *Laurel Park, Inc.* v. *Pac*, [194 Conn. 677, 691, 485 A.2d 1272 (1984)], which included a § 1983 count, that notwithstanding *Patsy* v. *Board of Regents of the State of Florida*, supra, [516] the fundamental requirement of inadequacy of an available legal remedy in order to obtain injunctive relief remains in full force." *Pet* v. *Dept. of Health Services*, supra, 207 Conn. 368–69. The plaintiff cannot avoid the exhaustion requirement in his claim for injunctive relief. Because, as stated previously, the plaintiff failed to exhaust his administrative remedies, the trial court was without jurisdiction to consider the request for injunctive relief. Therefore, the plaintiff's claim was properly dismissed.

The judgment is affirmed.

In this opinion the other judges concurred.