[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de MOTION TO DISMISS (#205)
On November 25, 1999, pursuant to the provisions of the UCCJA, the plaintiff mother, Candace Hartman (formerly Sally Cammalleri), filed the present motion to dismiss the motion for modification of visitation of the parties' minor child, filed by the defendant father, Leonard Cammalleri, on September 13, 1999.
This case is one of great length and complexity. The background facts are as follows: The parties were married on June 8, 1983 in the Bronx, New York. The parties had one minor child of the marriage, Leonard Cammalleri, Jr., born in June, 1983, in New York. In the fall of 1983, the plaintiff, moved from New York to Connecticut with the parties' infant son. After establishing residence in a shelter in Stamford, the plaintiff filed a complaint for dissolution of the marriage on April 3, 1984. The defendant appeared in the action, filed a motion for visitation and consented to the entry of an order granting the plaintiff custody of the minor child pendente lite. In 1984, at the first scheduled supervised visitation with his son, the defendant abducted his son. The plaintiff had no contact with the defendant or the minor child until 1996, when the authorities recovered the child who had been secreted with the defendant in an apartment in the Bronx.
On February 27, 1985, the court, Tunick, J., entered a judgment of dissolution granting custody of the minor child to the plaintiff without visitation rights for the defendant. The plaintiff resided in Connecticut until 1986, when she moved back to New York. Thereafter, in 1995, the plaintiff moved to Michigan and in 1998 the plaintiff moved to Illinois, where she currently CT Page 16752 resides.
In 1996, the plaintiff mother and minor child were reunited. Unprepared for the minor child's psychological and social problems incurred during his years of confinement with the defendant, the plaintiff briefly sought help in a facility in Connecticut, ultimately placing the child in an inpatient facility in Rockland County, New York. There, the state of New York assumed temporary physical custody of the child. The minor child continues to remain in a New York facility, although the child has spent increasing time with the plaintiff mother in Michigan and Illinois.
The defendant was arrested in New York and extradited to Connecticut. The defendant pleaded guilty to charges stemming from the abduction of the minor child and remained incarcerated until his release in April, 1999. Currently, the defendant is on probation through the state of Connecticut, although he continues to reside in New York.
The plaintiff moves this court to dismiss the defendant's motion for modification of visitation on one of the following grounds: (1) that the court lacks jurisdiction to hear the defendant's motion for visitation because under the Uniform Child Custody Jurisdiction Act ("UCCJA"), General Statutes § 46b-93(a)(1), the "home state" of the child is New York, not Connecticut; or, alternatively, (2) that the court decline jurisdiction on the basis of forum non conveniens under the UCCJA, General Statutes § 46b-97, because the state of New York has greater contacts with the child and more readily available substantial evidence concerning the child's present or future care, protection, training and personal relationships than does the state of Connecticut.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983); see also Flanaganv. Commission on Human Rights, 54 Conn. App. 89, 91, ___ A.2d ___, cert. denied, 250 Conn. 925, ___ A.2d ___ (1999); Practice Book § 10-31 (formerly § 143). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v.Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995); see also Practice Book § 10-31 (formerly § 143). CT Page 16753
"The common law principle of forum non conveniens provides that a court may resist imposition upon its jurisdiction even when it has jurisdiction." (Emphasis in original; internal quotation marks omitted.) Union Carbide Corp. v. Aetna Casualty Surety Co., 212 Conn. 311, 314, 562 A.2d 15 (1989). "The common law doctrine of forum non conveniens is an exception to the general rule that a court must hear and decide cases over which it has jurisdiction by statute or constitution, and recognizes the discretion of a court, in some few instances, where jurisdiction and venue are proper . . . to dismiss a suit because the court has determined that another forum is better suited to decide the issues involved." (Citation omitted.) Sabino v.Ruffolo, 19 Conn. App. 402, 405-06, 562 A.2d 1134 (1989). Under the UCCJA, "[d]eclining jurisdiction under 46b-97 is discretionary with the court. By the inclusion of the word `may' in that section, the legislature clearly intended that the inconvenient forum issue in UCCJA cases remain discretionary . . . as is the common law forum non conveniens principle." (Citations omitted.) Brown v. Brown, 195 Conn. 98,109, 486 A.2d 1116 (1985).
In his memorandum in opposition to the plaintiff's motion to dismiss, the defendant argues the following: (1) that because this court had original jurisdiction to grant the dissolution of the marriage and initial orders of custody and visitation, modification of the civil judgment already in place must come from the state of Connecticut; (2) that although this court may decline jurisdiction on the basis of forum non conveniens, General Statutes § 46b-97, this court meets the jurisdictional requirements under General Statutes § 46b-93(a)(2), because it is in the best interest of the child that this court hear this matter; and (3) that the parties have not agreed on another forum and that the exercise of jurisdiction by a court of this state would not contravene any of the purposes stated in the UCCJA, General Statutes § 46b-91.
"[T]he UCCJA creates a two tier approach to the issue of jurisdiction. . . . The first is contained in § 46b-93, which establishes the general class of custody cases that will be within the trial court's jurisdiction. The second tier is embodied in General Statutes § 46b-97, which is intended to vest only one state with jurisdiction at any given time." Muller v.Muller, 43 Conn. App. 327, 335, 682 A.2d 1089 (1996). The doctrine of inconvenient forum under General Statutes § 46b-97[1], "comes into play only after it is determined, CT Page 16754 pursuant to § 46b-93,[2] that a court of this state is authorized to assume jurisdiction." Id., 334-35. "Thus, a court's first inquiry must always be whether it has jurisdiction under § 46b-93. . . . If the court determines that it does not have jurisdiction under § 46b-93, it need not and may not determine whether Connecticut is an inconvenient forum under § 46b-97." Id., 336.
The defendant claims that this court must assert jurisdiction because this court granted the dissolution of marriage and made the initial orders concerning custody and visitation. "`The fact that the court had previously considered the case [is just] one factor favoring its continued jurisdiction. If, however . . . the contact with the state has otherwise become slight, modification jurisdiction would shift elsewhere.'" Muller v. Muller, supra,43 Conn. App. 333, quoting Kioukis v. Kioukis, 185 Conn. 249, 255,440 A.2d 894 (1981). "The first state's exclusive jurisdiction, however, does not continue indefinitely. At some point the child's connections with the first state become too tenuous to satisfy the demands of 46b-93." Kioukis v. Kioukis, supra,185 Conn. 256. Therefore, this court does not automatically retain jurisdiction over this matter. Instead, it must continue to meet the jurisdictional requirements of the UCCJA.
Under the UCCJA, there are four alternative basis under which a court of this state may have jurisdiction to make a child custody determination by initial or modification decree. See General Statutes § 46b-93(a). The defendant claims jurisdiction under both the first basis, that of the "home state"[3] of the child, and the second basis, that of the "best interest"[4] of the child. Each of these basis will be addressed separately.
The defendant claims the child's last home state is Connecticut, and that placing the child in a New York facility or educational institute does not create a `home state' for the child. The plaintiff, however, alleges that the state of New York, not Connecticut, is the home state of the minor child. General Statute § 46b-91(6) defines the "home state" as "the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months.
The child does not live with either parent. The child resides in a facility in the state of New York and has done so since 1996. The state of New York has temporary custody of the child, CT Page 16755 and therefore, qualifies as "a person acting as parent." At issue then is the computation of the time duration. General Statute § 46b-93(a)(1)(A) states the home state of the child is determined "at the time of commencement of the proceeding." Proceedings "commenced" here, for UCCJA purposes, on September 13, 1999 when the defendant filed his motion to modify visitation. See, e.g., Rowland v. Rowland, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 057152 (August 19, 1999, Corradino, J.) (if the post judgment nature of the pending motion to modify has any effect on the jurisdictional continuity of the original orders then it certainly is a `proceeding' under the terms of the UCCJA). Because the child has lived in a facility in New York, under the custody of the state of New York acting as his parent, for at least six consecutive months before the date the proceeding commenced, the state of Connecticut is not the child's home state as defined by the UCCJA. Furthermore, before the state of New York took temporary custody of the child, the minor child lived in New York with his father from the fall of 1984 until the father and child were discovered sometime in 1996. Therefore, this court does not have jurisdiction based on General Statutes § 46b-93(a)(1).
The defendant claims that this court has jurisdiction under the UCCJA, General Statutes § 46b-93(a)(2), the best interest of the child. The defendant correctly points out that the child's physical presence in this state is not a prerequisite to determine his custody. See General Statutes § 46b-93(c). Jurisdiction on the basis of the best interest of the child has two prongs, both of which must be met.
The first prong requires that "the child and his parents, or the child and at least one contestant, have a significant connection with this state." (Emphasis added.) General Statutes § 46b-93(a)(2)(A). "There must be maximum rather than minimum contact with the state." Kioukis v. Kioukis, supra,185 Conn. 258. The defendant merely alleges his probation conducted through the state of Connecticut constitutes a significant connection with Connecticut for both himself and the child. The defendant fails to allege any facts establishing a "significant connection" between the child and the state of Connecticut. The child has no significant connections in the state of Connecticut at this time and has not had any connections with this state since he was an infant. Therefore, the defendant fails to meet the UCCJA jurisdictional requirements under the first prong of the best CT Page 16756 interest of the child basis.
Even if this first prong were satisfied, however, the second prong requires that "there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships." General Statutes § 46b-93(a)(2)(B). Our Supreme Court noted that "[t]he purpose which pervades [the UCCJA] is to provide that child custody determinations will be made in the state where there is optimum access to evidence." (Brackets in the original.)Brown v. Brown, supra, 195 Conn. 112 n. 21; Kioukis v. Kioukis, supra, 185 Conn. 258. Despite the fact that the child is physically located in New York and has been there for the last fifteen years, the most recent three years being in a facility in Rockland County, New York, the prior twelve years with the defendant in the Bronx, the defendant claims there is substantial evidence in the state of Connecticut because the child himself is the best source for the required evidence. Substantial evidence concerning the child's present and future care, protection, training and personal relationships exist in the state of New York, where the child resides and receives care and education, not the state of Connecticut. It is clear that the state of New York has present access to the relevant evidence about the child and the defendant father. Also, the state of New York is the forum with the maximum contact concerning the minor child as to both present and future considerations. Therefore, for the reasons stated above, the court does not have jurisdiction under § 46b-93(a)(2).
The defendant also claims that the parties have not agreed on another forum and that the exercise of jurisdiction by a court of this state would not contravene any of the purposes stated in the UCCJA, General Statutes § 46b-91. "`[S]ubject matter jurisdiction . . . cannot be created through consent or waiver.'"Muller v. Muller, supra, 43 Conn. App. 331, quoting Figueroa v.C. S. Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). Therefore, the lack of any agreement as to another forum is immaterial. Even if such an agreement had been made, the defendant would still need to meet the jurisdictional requirements of the UCCJA. Furthermore, the court would have to comply with the purposes of the UCCJA, which in part is to "assure that litigation concerning the custody of the child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training and personal relationships is most readily available, CT Page 16757 and that the courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state . . ." General Statutes § 46b-91(a)(3). Based on the reasons discussed above, the exercise of jurisdiction by this court would contravene the purposes of the UCCJA.
Accordingly, this court no longer has the requisite subject matter jurisdiction under the UCCJA to adjudicate the defendant's motion for modification of visitation of the parties' minor son. Therefore, this court is not required to, and indeed cannot, address the remaining argument of forum non conveniens under the UCCJA.
For the foregoing reasons, the plaintiff's motion to dismiss is granted.
HARRIGAN, J.