[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS (No. 111)
The motion to dismiss now before the court contends that the court lacks jurisdiction over the subject matter of the case. For the reasons set forth below, the motion must be granted.
The plaintiff, Robert C. Flanagan ("Flanagan"), is a former Judge of the Superior Court, who, in that capacity, was publicly censured for engaging in a consensual sexual relationship with a married court reporter. In re Flanagan, 240 Conn. 157, 690 A.2d 865, cert. denied,522 U.S. 865 (1997). The court reporter, whose name at the time was Penny Ross ("Ross"), filed a complaint against Flanagan with the defendant Commission on Human Rights and Opportunities ("CHRO"). Flanagan has already failed in one attempt to have that proceeding enjoined. Flanaganv. Commission on Human Rights Opportunities, 54 Conn. App. 89,733 A.2d 881, cert. denied, 250 Conn. 925, 738 A.2d 656 (1999).
Flanagan commenced the present case by service of process on October 3, 2000. He is the sole plaintiff. The defendants are the CHRO; the "State of Connecticut, Judicial Branch"; and Ross.
Flanagan's amended complaint consists of two counts. The first count is an administrative appeal of a September 11, 2000 decision of the CHRO denying Flanagan's motion for an expedited declaratory ruling. The second count complains of a decision made by the CHRO on October 10, 2000 CT Page 2940 granting Ross a release of jurisdiction.
On December 11, 2000, Ross (whose name is now Penny Takash) filed an action against Flanagan in the United States District Court for the District of Connecticut. Takash v. Flanagan, No. 300 CV 02357DJS (D.Conn.). That action, which remains pending, asserts the claims that Ross had previously asserted in the CHRO.
The motion to dismiss now before the court was filed on December 15, 2000. It was heard on February 20, 2001.
The defendants contend that the first count of Flanagan's amended complaint is now moot. Our Supreme Court has recently explained that:
 A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction. Kleinman v. Marshall, 192 Conn. 479, 484, 472 A.2d 772 (1984). "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296, 311, 709 A.2d 1089 (1998).
Mayer v. Biafore, Florek O'Neill, 245 Conn. 88, 91-92, 713 A.2d 1267
(1998).
The determination of the controversy set forth in the first count of the amended complaint will result in no practical relief to the complainant. The first count, as mentioned, complains of the CHRO's denial of Flanagan's motion for an expedited declaratory ruling. Nothing that this court now does will affect the expedition (or lack thereof) of the CHRO's proceedings since those proceedings are at an end. The CHRO has issued a release of its jurisdiction. Its proceedings are over. Nothing the court now does can possibly make the CHRO proceed more expeditiously. The first count is moot.
For somewhat different reasons, the court also lacks jurisdiction with respect to the second count of the amended complaint. The second count complains of the release of jurisdiction granted by the CHRO. This action, as mentioned, was commenced by service of process on October 3, 2000. The CHRO issued its release of jurisdiction on October 10, 2000. CT Page 2941
"Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." Citizens Against Pollution Northwest, Inc. v.Connecticut Siting Council, 217 Conn. 143, 152, 584 A.2d 1183 (1991). (Internal quotation marks and citations omitted.) The statute governing the present case provides that an administrative appeal may be filed only "[w]ithin forty-five days after mailing of the final decision." Conn. Gen. Stat. § 4-183 (c). (Emphasis added.) A plaintiff's failure to comply with this provision deprives the court of subject matter jurisdiction. Crest Pontiac Cadillac, Inc. v. Hadley, 239 Conn. 437, 443
n. 9, 685 A.2d 670 (1996). The plaintiff here has failed to so comply because he did not file his appeal after the administrative decision complained of in the second count of his amended complaint. His failure deprives the court of subject matter jurisdiction to hear that count.
The court expresses no opinion with respect to any defenses Flanagan may wish to pursue in the pending federal action. Any such defense must be pursued in that action.
The motion to dismiss is granted.
Jon C. Blue Judge of the Superior Court