[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes to the court on the defendants' motion of dismiss. The underlying issues are whether the plaintiffs claim is barred by sovereign immunity, whether the plaintiff has failed to exhaust administrative remedies, whether the plaintiff's claim is moot and, specifically, whether the defendants' motion to dismiss should be granted.
The court rules that though the plaintiff's claim is not barred by the doctrine of sovereign immunity, the plaintiff has failed to exhaust his administrative remedies through the state employees retirement commission. Since the plaintiff has failed to exhaust his administrative remedies, the court lacks subject matter jurisdiction over his prospective claim. Accordingly, the defendants' motion to dismiss is granted.
 FACTS
On June 27, 2001, the pro se plaintiff, James Benjamin, filed an application for temporary injunction and order to show cause and an affidavit and complaint against the defendants, Steven Weinberger, Jeanne Kopek and Karen McDonough, individually and as state officers for the State of Connecticut, Retirement and Benefit Services.[1] The plaintiff is a member of the state employees retirement system and he alleges that the defendants have paid one hundred percent of his monthly retirement benefits to an "alternate payee," Rebekah Chandler, from June 30, 2000 to June 30, 2001, pursuant to an order issued in a Michigan court and without Connecticut Superior Court authorization.[2] The plaintiff requests that the defendants resume payment of his pension and further requests restoration of his health insurance benefits.[3] The Circuit Court for the County of Washentaw in Michigan entered a default against CT Page 14204 Benjamin for failure to appear on October 5, 1999, and subsequently entered a division of pension order against Benjamin on February 26, 2000, pursuant to General Statutes § 46b-81. Pursuant to the order, the Michigan court ordered the pension plan to pay the alternate payee, Chandler, an amount equal to one hundred percent of the participants monthly retirement benefit payment
On May 30, 2000, an attorney for Chandler sent an appearance form to the Retirement and Benefit Services which was dated March 30, 2000, and purportedly filed in the Hartford Superior Court A clerk's certificate dated June 4, 2001, however, states that the court was unable to find any such action as having been filed with the Hartford Superior Court. Nevertheless, in reliance on the appearance form sent by Chandler's attorney, the defendants continued to pay Chandler one hundred percent of the plaintiffs monthly retirement benefits. In a letter dated June 20, 2001, McDonough represented to the defendant that "[n]otwithstanding that it now appear. that the Michigan order had not been filed in Connecticut, the Michigan order remains legally subject to full, faith and credit in this state end will continue to be enforced by our Division. " Shortly after the plaintiff filed the present action, he received a letter from MoDonough dated July 11, 2001, stating that the division decided to suspend enforcement of the pension division order, unless it receives a clerk's certificate of enforcement from a Connecticut Superior Court.
The defendants now move to dismiss this action on the ground that the court lacks I subject mailer jurisdiction over the plaintiffs claim for money because of the doctrine of sovereign immunity and because the plaintiff failed to exhaust all administrative remedies. The defendants further move to dismiss on the ground that the action is moot because the plaintiff has achieved the redress sought by the action. The defendants filed a memorandum in support of their motion to dismiss and the plaintiff timely filed a memorandum in opposition.
 DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. " Upson v: State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "The issue of subject matter jurisdiction can be raised at any time." (Internal quotation marks omitted.) Gagnon v. PlanningCommission, 222 Conn. 294, 297, 608 A.2d 1181 (1992). "Once the question CT Page 14205 of lack of jurisdiction of a court is raised. . . the court must fully resolve it before proceeding further with the case." (internal quotation marks omitted.) Figiueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996). "The doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. Novicki v. New Haven, 47 Conn. App. 734, 739, 709 A.2d 2
(1998). "The failure to exhaust administrative remedies [also] implicates the subject matter jurisdiction of the court. Johnson v. Dept. of PublicHealth, 48 Conn. App. 102, 108, 710 A.2d 176 (1998).
 A Sovereign Immunity
The defendants argue that their motion to dismiss should be granted because the court lacks subject matter jurisdiction over the plaintiffs claim based on the doctrine of sovereign immunity. The plaintiff argues that the court has jurisdiction because sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or in violation of the plaintiff's constitutional rights.
The doctrine of sovereign immunity provides that the state is immune from suit unless it consentsto be sued. White v. Burns, 213 Conn. 307,312, 587 A.2d 1195 (1990). [The court has] . . . recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 168, 749 A.2d 1147 (2000). "It does not . . . follow, however, that every action in which state officials or members of state agencies are named defendants and designated by official titles should be treated as an action against the state such as to clothe the defendants from immunity from suit." (Internal quotation marks omitted.) Id. "Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute." (Internal quotation marks omitted.) Id., 169.
In Shay v. Possi, supra, 253 Conn. 134, the court declined to define "the precise contours of the "in excess of statutory authority' doctrine." Id., 170. The court stated, however, that the line falls "somewhere between . . . two poles, namely, at one pole, the standard for abrogation of judicial immunity, and at the other pole, that a process of statutory interpretation yields a conclusion that the state officials acted beyond their authority." Id., 172. "[un order to overcome sovereign immunity, the [plaintiff] must do more than allege that the defendants' conduct was in excess of statutory authority; [he] also must allege or CT Page 14206 otherwise establish facts that reasonably support those allegations." Id., 174-75.
In this case, the plaintiff has alleged that the defendants have paid one hundred percent of the plaintiff's monthly retirement benefits to an "alternate payee," Rebekah Chandler, from June 30, 2000 to June 30, 2001, pursuant to an order issued in a Michigan court. Specifically, the plaintiff argues that the defendants were not authorized to make these payments because Chandler, the alternate payee, did not satisfy the appearance requirements of § 46b-70.[4] The plaintiff further contends that the foreign matrimonial judgment was not filed with the Superior Court as mandated by §§ 46b-71 and 46b-72.[5] In further support of his argument, the plaintiff provides a letter from McDonough, which states that "[n]otwithstanding that it now appears that the Michigan order had not been filed in Connecticut, the Michigan order remains legally subject to full, faith and credit in this state and will continue to be enforced by our Division. " (Plaintiff's Complaint, Exhibit 7.)
Clearly, the alternate payee did not satisfy the requirements of §§46b-70 to 46b-72 and the plaintiff has established that the defendants were aware of this fact. Despite the defendants' knowledge that the foreign matrimonial judgment was unenforceable, as it had not been properly filed with the Superior Court, the defendants continued to enforce the order and make payments to Chandler. This court finds that the plaintiff has alleged facts reasonably sufficient to establish that the defendants were acting in excess of their statutory authority and, therefore, holds that the doctrine of sovereign immunity does not bar the plaintiff's claim against the defendants.[6] This does not end the court's inquiry, however, because the defendants have further asserted that the plaintiff has failed to exhaust his administrative remedies and that the claim is moot.
 B Administrative Remedies
Alternatively, the defendants argue that their motion to dismiss should be granted because the plaintiff has failed to exhaust his administrative remedies. Specifically, the defendants contend that the plaintiff had a means to assert a claim before the state employees retirement commission pursuant to General Statutes § 5-155a.[7] In response, the plaintiff argues that because he has alleged numerous constitutional violations and violations of 42 U.S.C. § 1983, he is not required to exhaust administrative remedies. CT Page 14207
"It is a settled principle of administrative law that if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Fish Unlimited v. Northeast Utilities Service Co.,254 Conn. 1, 11-12, 756 A.2d 262 (2000). "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions. . . . The doctrine of exhaustion furthers "the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review." (Citations omitted; internal quotation marks omitted) Id., 12. "In addition, the administrative agency may be able to resolve the issues, making judicial review unnecessary. As the United States Supreme Court has stated, [a] complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the courts may never have to intervene. McKart v. United States, 395 U.S. 185, 195,89 S.Ct. 1657,23 L.Ed.2d 194 (1969)." (Internal quotation marks omitted.) Id., 13.
"The [exhaustion] doctrine is applied in a number of different situations and is, like most judicial doctrines, subject to numerous exceptions." (Internal quotation marks omitted.) Id. "[The court has] recognized that a party aggrieved by a decision of an administrative agency may be excused from exhaustion of administrative remedies if: recourse to the administrative remedy would be futile or inadequate. . . the procedures followed by the administrative agency are constitutionally infirm . . . or injunctive relief from an agency decision is necessary to prevent immediate and irreparable harm. (Internal quotation marks omitted.) Flanagan v. Commission on Human Rights and Opportunities,54 Conn. App. 89, 92, 733 A.2d 881, cert. denied, 250 Conn. 925,738 A.2d 656 (1999). "[T]he mere allegation of a constitutional violation [however] will not necessarily excuse a [party's] failure to exhaust available administrative remedies.' (Internal quotation marks omitted.)Haddam v. LaPointe, 42 Conn. App. 631, 639, 680 A.2d 1010 (1996).
"Exhaustion of administrative remedies . . . is not required before bringing a claim pursuant to 42 U.S.C. § 1983." (Internal quotation marks omitted.) Flanagan v. Commission on Human Rights andOpportunities, supra, 54 Conn. App. 94. When the claim is for injunctive relief and includes a § 1983 claim, however, the court has held that "the fundamental requirement of inadequacy of an available legal remedy in order to obtain injunctive relief remains in full force." (Internal quotation marks omitted.) Id., 95. In that case, the court held that the plaintiff could not avoid the exhaustion requirement in his claim for injunctive relief and, since the plaintiff failed to exhaust his CT Page 14208 administrative remedies, the court was without jurisdiction to consider the plaintiff's request.
"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." (Internal quotation marks omitted.) Wilson v. Hryniewicz, 38 Conn. App. 715, 719-20, 663 A.2d 1073, cert. denied, 235 Conn. 918, 665 A.2d 610 (1995). In this case, the plaintiff has alleged numerous constitutional violations and, further, has alleged that the defendants were, at all times, acting under color of law, custom and usage.
The plaintiff argues that since he has alleged constitutional violations and, specifically a § 1983 claim, he is not required to exhaust his administrative remedies. The plaintiff further argues that he is primarily seeking to enjoin the defendants and that his complaint is "manifestly not a damage claim." (Plaintiff's Reply, p. 1.) Based on the complaint, however, it appears that the plaintiff is seeking both injunctive relief and monetary damages with respect to his numerous claims. The complaint, however, primarily seeks injunctive relief and, therefore, the plaintiff cannot avoid the exhaustion requirement.Flanagan v. Commission on Human Rights and Opportunities, 54 Conn. App. 89. It must be determined, therefore, whether the plaintiff has exhausted his administrative remedies.
General Statutes § 5-155a, part of the state employees retirement act, is the statutory provision setting forth the responsibilities and duties of the state employees retirement commission. Section 5-155a (j) provides that "[a]ny claim for a pension or any other benefit which may become available in accordance with the provisions of this chapter may be submitted to the commission provided it is submitted in writing. Any such claim will be reviewed and decided by the commission. The claimant shall be advised of the processing status of his claim upon reasonable request" Section 5-155a (k) also provides that "[i]f any claim is denied, a claimant may request that the decision be reviewed and reconsidered by the commission. Thereafter, any such case shall be decided as a contested case in accordance with chapter 54."
Based on the exhibits provided by the plaintiff, it is clear that he has failed to address his grievances regarding his pension and benefits with the state employees retirement commission. (Plaintiff's Complaint, Exhibits 1-7.) At this point, the plaintiff has only addressed his concerns with the retirement and benefit services division, by and through the named defendants in this action. Based on the statutory language of § 5-155a, the plaintiff must first address his claims CT Page 14209 with the state employees retirement commission before this court has jurisdiction to hear his claims.
Since an adequate remedy exists, it must be exhausted before this court will obtain jurisdiction to act in this matter. Accordingly, this court lacks jurisdiction over the plaintiff's claim and, therefore, the defendants' motion to dismiss the plaintiff's complaint is granted.[8]
To the extent the plaintiff seeks monetary damages in the amount predicated upon the benefits improperly paid to the alternate beneficiary, his claim is not moot.
The court finds that although the doctrine of sovereign immunity does not bar the plaintiff's claim, the plaintiff has failed to exhaust his administrative remedies through the state employees retirement commission. Accordingly, the court lacks subject matter jurisdiction to hear the plaintiffs claim and, therefore, the defendants' motion to dismiss is granted.
Bryant, J.