[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE, #106, 109, 122, 128
The respondents, Duhamel and Duhamel, Complete Appraisal Service, Hutchins and Associates, and MDC Statewide Appraisal, move to strike the petitioner's verified petition for a bill of discovery. For the reasons discussed below, the motions are denied.
On September 17, 2001, the petitioner, the Autobody Association of Connecticut (ABAC), filed a verified petition for a bill of discovery against the respondents, which include the following six organizations, Southwest Appraisal Group, Duhamel and Duharnel (Duhamel), Hutchins 
Associates (Hutchins), Complete Appraisal Service (Complete), Property Damage Appraisers and MDC Statewide Appraisal (MDC), and four individuals. ABAC claims that it has a valid claim against the respondents under General Statutes § 38a-815 et seq., the Connecticut Unfair Insurance Practices Act (CUIPA), but that it lacks the factual predicate on which to base a cause of action against them. Accordingly, in its petition for a bill of discovery, ABAC seeks production of various documents, as well as judicial authorization to take the sworn depositions of the respondents before filing its underlying claim. CT Page 9994
On October 22, 2001, Duhamel filed a motion to strike the petition. Complete, Hutchins and MDC filed their motions to strike on October 29, 2001, March 22, 2002, and April 10, 2002, respectively. The petitioner filed memoranda in opposition to the motions on November 8 and 20, 2001 and April 5, 2002. Duhamel filed a reply memorandum on November 21, 2001.
A motion to strike may be directed at a bill of discovery. See JournalPublishing Co. v. Hartford Courant Co., Superior Court, judicial district of Hartford, Docket No. CV 00 0801424 (November 20, 2000, Rittenband,J.). The role of the trial court in ruling on a motion to strike is "to examine the [contested pleading], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997).
In its motion to strike, Duhamel contends that the petitioner fails to demonstrate the necessary criteria required to sustain a bill of discovery, in that it: (1) fails to allege facts necessary to demonstrate that it has probable cause to bring a viable cause of action; (2) does not identify a specific cause of action as against the respondent; (3) does not set forth why it needs to conduct discovery now and cannot await the filing of a lawsuit; and (4) the discovery it seeks is not specific and narrowly tailored.
"The bill of discovery is an independent action in equity for discovery, and is designed to obtain evidence for use in an action other than the one in which discovery is sought. . . . As a power to enforce discovery, the bill is within the inherent power of a court of equity. . . . Furthermore, because a pure bill of discovery is favored in equity, it should be granted unless there is some well rounded objection against the exercise of the court's discretion." Bergerv. Cuomo, 230 Conn. 1, 5-6, 644 A.2d 333
(1994). "To sustain a pure bill of discovery, a party must show that the matter he seeks to discover is material and necessary to the proof of, or is needed to aid in the proof of, another action, already brought or about to be brought, and that he has no other adequate means of enforcing discovery of the matter." Pottetti v. Clifford,146 Conn. 252, 258, 150 A.2d 207 (1959).
As to the Duhamel's contention that the petitioner fails to meet the first element, "[t]he plaintiff who brings a bill of discovery must demonstrate by detailed facts that there is probable cause to bring a potential cause of action. Probable cause is the knowledge of facts sufficient to justify a reasonable man in the belief that he has CT Page 9995 reasonable grounds for presenting an action. . . . Its existence or nonexistence is determined by the court on the facts found." (Internal quotation marks omitted.) Berger v. Cuomo, supra, 230 Conn. 7.
In the present case, the petitioner alleges that the respondents engage in the following conduct: set limits on the maximum hourly rate that they will pay the members of ABAC at a rate is below fair market value; determine that certain repairs do not qualify for any coverage; refuse to pay ABAC members for their use of original manufacturer parts in repairs; and direct customers away from the members' repair shops. The petitioner further alleges that the respondents engage in these activities with such frequency as to indicate a general business practice and thus this conduct constitutes violations of CUIPA and CUTPA. Viewing these allegations in a light most favorable to the petitioners, as the court must on a motion to strike, the petitioner has adequately alleged that it has probable cause to bring a cause of action against the respondents. Although "the plaintiff who seeks discovery in equity must demonstrate more than a mere suspicion; he must also show that there is some describable sense of wrong. The plaintiff need not, however, state each claim with technical precision; he meed only set forth facts that fairly indicate that he has some potential cause of action." Berger v. Cuomo, supra, 230 Conn. 7-8.
Duhamel's argument that the petitioner fails to set forth a specific cause of action is also unavailing.[1] The petitioner specifically alleges that the respondents violated CUIPA with such frequency as to constitute a general business practice. These allegations are sufficient to allege a private cause of action under CUTPA for a violation of CUIPA. Mead v. Burns, 199 Conn. 651, 660, 509 A.2d 11 (1986) (to allege cause of action under CUTPA for violation of CUIPA, plaintiff must allege defendant's conduct constitutes "general business practice"). As stated by the Supreme Court, "there is a distinction between a would-be plaintiff having to demonstrate the need for the information to determine whether a particular cause of action is worthy of being pursued and a plaintiff having to prove definitively that he has a cause of action and that he will probably prevail ultimately at the trial on the merits."Berger v. Cuomo, supra, 230 Conn. 9.
Duhamel also asserts that the petition should be stricken because the petitioner does not set forth why it needs to conduct discovery now, and cannot wait until it files a lawsuit. In support of its position, Duhamel cites to two Superior Court cases, decided in 1964 and 1987. Since that time, the Supreme Court discussed the standard for a bill of discovery inBerger v. Cuomo, supra., 230 Conn. 1. In that case, the court does not specifically state that a petitioner who files a bill of discovery must show that it cannot await the filing of a lawsuit. As noted above, the CT Page 9996 court does state that a petitioner bringing a bill of discovery must "show that he has no other adequate means of enforcing discovery of the desired material. . . ." Id., 6. "[T]he availability of other remedies . . . for obtaining information [does] not [however] require the denial of the equitable relief . . . sought. . . . This is because a remedy is adequate only it if is one which is specific and adapted to securing the relief sought conveniently, effectively and completely." (Internal quotation marks omitted.) Id.
In the present case, the petitioner seeks documents which it contends will show that the respondents placed limits on the repair work for which they will reimburse the petitioner's members. In addition, the petitioner seeks to depose the respondents regarding conversations that they may have conducted with the insurance companies regarding limits on payments for repair work performed by members of ABAC. The petitioner would need this evidence to show that the respondents violated CUIPA with such frequency as to constitute a general business practice, which would allow the petitioner to bring a case them for a violation of CUTPA. It is in the interest of judicial economy for the court to permit the petitioner to discover if it has a factual basis before it initiates suit, in order to better litigate and frame the necessary issues in the prospective litigation. "[T]he purpose of the bill of discovery is to promote judicial efficiency by enabling a potential plaintiff to determine whether it indeed has a cause of action. By granting the bill of discovery, the court can better assure that a fundamentally flawed lawsuit is not filed." Journal Publishing Co. v. Hartford Courant Co.,47 Conn. Sup. 144, 147, 780 A.2d 240 (2001). "At times, cases will not be proved, or will be proved clumsily or wastefully, if the litigant is not permitted to gather his evidence in advance. When this necessity is made out with reasonable certainty, a bill [of discovery] is maintainable to give him what he needs." (Internal quotation marks omitted.) Pottetti v.Clifford, 146 Conn. 252, 258-59, 150 A.2d 207 (1959).
Finally, Duhamel contends that the petition should be stricken because the discovery it seeks is not specific and narrowly tailored. In the context of a bill of discovery, "[d]iscovery is confined to facts material to the plaintiffs cause of action and [the petition] does not afford an open invitation to delve into the defendant's affairs. . . . A plaintiff must be able to demonstrate good faith as well as probable cause that the information sought is both material and necessary to his action. A plaintiff should describe with such details as may be reasonably available the material he seeks . . . and should not be allowed to indulge a hope that a thorough ransacking of any information and material which the defendant may possess would turn up evidence helpful to [his] case." (Citations omitted; internal quotation marks omitted.) Berger v. Cuomo, supra., 230 Conn. 6-7. The information the CT Page 9997 petitioner seeks is both material and I necessary to its potential causes of action against the respondents.
Accordingly, because the petitioner has adequately alleged facts which demonstrate that it meets the criteria to sustain a bill of discovery, Duhamel's motion to strike is denied.
In their motions to strike, Hutchins and MDC argue that the petitioner does not have standing to bring a cognizable action in the Superior Court, and therefore, cannot bring this action for a bill of discovery. "[S]tanding . . . implicates a court's subject matter jurisdiction;"Stamford Hospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821 (1996); and thus should be raised in a motion to dismiss. Practice Book § 10-31
(a)(1). A motion to strike, on the other hand, properly attacks the adequacy of the allegations, not the jurisdiction of the court to hear the matter. Flanagan v. Commission on Human Rights Opportunities,54 Conn. App. 89, 94 n .5, 733 A.2d 881, cert. denied, 250 Conn. 925,738 A.2d 656 (1999). Further, the court has already addressed this issue in its memorandum of decision on the respondents' motion to dismiss, in which the court found that ABAC does have associational standing. AutoBody Assn. of Connecticut v. Southwest Appraisal Group, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV01-0386169 (March 6, 2002, Gallagher, J.) Therefore, in addition to being procedurally improper, this argument has already been decided in the petitioner's favor.
MDC raises the additional argument that the bill of discovery cannot stand because the petitioner fails to make an adequate claim that its members have been injured. MDC asserts that because Connecticut is a fact pleading state, all facts must be adequately alleged, including those pertaining to the injury.
"[T]he modern trend, which is followed in Connecticut, is to construe the pleadings broadly and realistically, rather than narrowly and technically. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Citations omitted; internal quotation marks omitted.) Normand Josef Enterprises, Inc. v. Connecticut NationalBank, 230 Conn. 486, 496, 646 A.2d 1289 (1994). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 626, 749 A.2d 630 (2000). CT Page 9998
As previously stated, the petitioner alleges that the respondents set limits on the maximum hourly rate that they will pay the members of ABAC at a rate that is below fair market value; determine that certain repairs do not qualify for any coverage; refuse to pay ABAC's members for their use of original manufacturer parts in repairs; and direct customers away from the members' repair shops. These allegations, when read broadly and realistically, necessarily imply that the petitioner's members have lost revenue as a result of the respondents' actions. Thus the petitioner has adequately alleged that it has been damaged. Therefore, the motion to strike on this ground is denied.
In conclusion, the petitioner has alleged sufficient facts to support a bill of discovery; it has standing and adequately alleges an injury. Therefore, the motions to strike the verified petition for a bill of discovery brought denied.
GALLAGHER, J.